CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JAN 0 4 2008

JOHN F CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 5:07CR00057 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| JOSEPH ADAM ALGER, ) | |
| ) | By: Hon. James G. Welsh |
| Defendant ) | U.S. Magistrate Judge |
| ) | |

      The Grand Jury previously returned a three-count Indictment against this defendant. Count One charged that on or about October 12, 2006 this defendant, aided and abetted by others, knowingly and intentionally distributed a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1), and Title 18, United States Code, Section 2. Count Two charged that on or about the same date, October 12, 2006, this defendant, aided and abetted by others, knowingly and intentionally used and carried a firearm, to wit: a Springfield Armory .40 caliber pistol, serial number US441813 and twenty (20) rounds of .40 caliber ammunition during and in relation to the drug trafficking crime described in Count One, in violation of Title 18, United States Code, Section 924(c)(1), and Title 18, United States Code, Section 2. Count Three charged that on or about the same date, October 12, 2006, this defendant, an individual who had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly and intentionally possessed the aforesaid firearm, which had been transported or shipped in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1), and Title 18, United States Code, Section 2.

A previously scheduled plea hearing was held before the undersigned on January 2, 2008. The defendant was at all times present in person and with his counsel, David L. Heilberg. The United States was represented by Bruce A. Pagel, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

Upon the case being called, counsel for the United States proposed to file a single-count criminal Information charging that on or about October 12, 2006 the defendant, aided and abetted by others, knowingly and intentionally possessed a firearm, to wit: a Springfield Armory 40 caliber pistol, serial number US441813 and twenty (20) rounds of .40 caliber ammunition, all of which had been transported in interstate commerce, in furtherance of the drug trafficking crime described in Count One of the Indictment, and did knowingly and intentionally use and carry the same firearm abetting in furtherance of the said drug trafficking crime, in violation of Title 18, United States Code, Section 924, and Title 18, United States Code, Section 2.

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and with the express consent of the defendant and his counsel, an initial appearance, waiver of indictment, and plea hearing were conducted in conjunction with the previously scheduled plea hearing on the Indictment.

After the defendant was placed under oath, he stated that he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

2

Case 5:07-cr-00057-GEC-JCH Document 25 Filed 01/04/08 Page 2 of 12 Pageid#: 44

The defendant testified that his name is Joseph Adam Alger, that he is twenty-seven (27) years of age, that he has completed the ninth grade in school, that he can read, write and understand the English language, that he has no medical condition, either physical or mental, which might interfere with his ability to fully understand and participate in the proceeding; that he was using no medication or drugs which might impair his ability to understand and participate in the proceeding, and that his mind was clear. The defendant's attorney then stated that he had no reservations about his client's competency either to waive grand jury indictment or to plead guilty to the charges contained in Count One of the Indictment and in Count One of the Information.

## DEFENDANT'S RESPONSES TO RULE 7 INQUIRY

The defendant testified that he had discussed the gun charge set forth in the Information with his attorney, that he had previously received a copy and had read it, that he fully understood the charge, and that he knew it charged a felony offense. He further testified that knew he had an absolute constitutional right to be charged with the offense pursuant to a grand jury indictment. He stated that he understood a grand jury might not find probable cause to believe he had committed the offense, that a grand jury might not return an indictment against him on the charge, and that his waiver of indictment would mean that the charge in the Information would proceed as though he had been indicted. Upon further questioning, the defendant confirmed that no threats or promises had been made to induce him to waive grand jury indictment and that his decision to proceed on the charged offense by Information was fully voluntary.

The defendant's counsel then confirmed that he had discussed with his client the issues related to a waiver of indictment on the offense charged in the Information, that his client fully understood his right to indictment by grand jury, and that the decision of the defendant to waive indictment on the charge was fully voluntary on his part.

After acknowledging his signature on the written Waiver of Indictment, it was received, filed and made a part of the record. The Information formally charging the defendant with the firearms offense set forth above was also filed and made a part of the record. In connection therewith, it was noted for the record that the defendant's waiver of indictment was knowingly and voluntarily made and that its acceptance would be recommended.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

As previously reported herein, the defendant had been placed under oath, addressed in open court, and given testimony confirming his identity, competency, receipt of a copy of the Information, understanding of the charge and previous full discussion of the charge with his attorney. In addition, he stated that he had received a copy of the Indictment and that he fully understood each of the charges in the Indictment.

The defendant testified that he had discussed the contents of both charging documents in detail with his attorney, and he understood that each of the charges against him was a felony offense. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might

4

have to the charges contained in both charging documents and that he was fully satisfied with the services of his attorney. He stated that it was his intention and desire to enter a plea of guilty to the firearms offense alleged against him in Count One of the Information, and as to the drug distribution offense charged in Count One of the Indictment it was his intention to change his prior plea and to enter a plea of guilty.

The attorney for the government informed the court that the defendant's proposed pleas were to be made pursuant to a limited oral agreement which obligated the government to dismiss Count Two and Count Three of the Indictment at the time of sentencing. In addition, the attorney for the government noted that the filing of the Information, with the defendant's consent, was to clarify that the violation of 18 U.S.C. § 924(c)(1) alleged originally in the second count of the indictment was intended to charge an offense under the second (or "in furtherance of any [crime of violence or drug trafficking] crime, possesses a firearm") prong of the statute. *See Watson v. United States*, ___ U.S. ___, 2007 U.S. LEXIS 13081, *6 n.3 (2007).

Counsel for the defendant and the defendant then separately confirmed their understanding of this limited plea agreement to be the same as that set forth by the government's attorney. The defendant then testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to agree to this plea arrangement or to enter a plea of guilty to any offense. In addition, he stated that no one had attempted in any way to force him to plead guilty. He stated that he knew that his pleas, if accepted, would result in him being adjudged guilty of two felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right

5

to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.

He expressly acknowledged that he was proposing to enter pleas of guilty to the drug distribution offense charged in Count One of the Indictment and to the firearms offense charged in Count One of the Information.

After the attorney for the government stated the mandatory consecutive term of imprisonment provided by law for the offense charged in Count One of the Information, the defendant acknowledged unequivocally he understood that in addition to any period of imprisonment imposed by the court for the offense charged in Count One of the Indictment, a separate consecutive period of imprisonment of at least five (5) years was the minimum penalty the court would be required to impose if his plea of guilty to Count One of the Information is accepted. *See* Rule 11(b)(1)(I).

After the attorney for the government stated the maximum possible penalty provided by law for the offenses charged in Count One of the Indictment and in Count One of the Information, the defendant expressly acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for twenty (20) years and a $100,000.00 fine and that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Information to be confinement in a Federal penitentiary the remainder of his life and a $250,000.00 fine. *See* Rule 11(b)(1)(H).

6

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He acknowledged that he understood the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K). He also stated that he knew that he would be required to pay a mandatory Two Hundred Dollar ($200.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005). In addition, he acknowledged that he understood the court would not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have absolutely no right to withdraw his pleas of guilty. He was informed and acknowledged that parole had been abolished and that he would not be released on parole.

7

Each of defendant's procedural rights surrendered on a plea of guilty was also explained, including: his right to persist in his previous pleas of not guilty to the offenses charged against him; his attendant right to a trial by jury and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; his right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the obligation of the government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have an unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to persist in his pleas of not guilty and the attendant rights that he would waive upon entry of guilty pleas to Count One of the Information and to Count One of the Indictment. *See* Rule 11(b)(1)(F).

The defendant then stated under oath that he was pleading guilty because he was in fact guilty of the crimes charged in Count One of the Indictment and in Count One of the Information. In response to further questioning to ensure that his proposed plea was voluntary, the defendant again stated that (other than the limited promise expressly set forth by the government's attorney) his decision to plead guilty did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2)), that his decision to plead guilty was in fact fully voluntary on his part, and that it was being made with the advice and assistance of counsel.

8

To permit the court to determine that an independent factual basis existed for the defendant's guilty pleas, counsel for the government submitted a written statement summarizing the principal facts the government was prepared to prove at trial. After confirming that this written statement had been fully reviewed with the defendant, both the defendant and his attorney agreed that it fairly summarized the government's evidence.

After consulting with his attorney and informing the court that he was prepared to be arraigned on the charge set forth in the Information, the charge was read to the defendant and after asking him to plead to the charge, the defendant entered a plea of GUILTY to Count One of the Information alleging him with a violation of Title 18, United States Code, Section 924. After consulting with counsel, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One of the Indictment alleging him with a violation of Title 21, United States Code, Section 841.

After entering his pleas as aforesaid, after an independent basis for the pleas was established and after being informed that the undersigned would recommend acceptance of his aforesaid pleas, the defendant reiterated that his pleas of guilty were fully voluntary and that he was fully satisfied with the advice, assistance and services of his attorney. The defendant was then remanded to the custody of the United States Marshal, pending completion of a presentence report.

### B. GOVERNMENT'S EVIDENCE

The Government submitted for filing in open court a written statement of facts. After ascertaining that the defendant was fully aware of its contents and that he and his attorney agreed to

9

its accuracy, it was received and filed without objection and made a part of the record. It is incorporated and made a part hereof by reference.

## C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 7 and Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent, aware of his rights, and capable of waiving grand jury presentment and agreeing to the filing of the one count Information charging him with a violation of 18 U.S.C. § 924;

2. The defendant is fully competent and capable of entering informed pleas;

3. The defendant is fully aware of the nature of the charges set forth in Count One of the Information and in Count One of the Indictment;

4. The defendant is fully aware of the consequences of a change of his plea to Count One of the Indictment and a plea of guilty to Count One of the Information;

5. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)-(N);

6. Before entering his guilty pleas, the defendant and the government reached a limited plea agreement which was not reduced;

7. The defendant's entry into the limited oral plea agreement, or understanding, was made with the advice and assistance of counsel;

8. The defendant's tender of pleas of guilty to Count One of the Indictment and to Count One of the Information were made with the advice and assistance of counsel;

9. The defendant's entry of a plea of guilty to Count One of the Indictment was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

10

10. The defendant's entry of a plea of guilty to Count One of the Information was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

11. The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other than those contained in the limited plea agreement;

12. The limited plea agreement complies with the requirements of Rule 11(c)(1)(A); and

13. The evidence presents an independent basis in fact supporting each essential element of the two offenses to which the defendant entered pleas of guilty.

### D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to Count One of the Indictment and to Count One of the Information; that the defendant be ADJUDGED GUILTY of both said offenses, that a sentencing hearing be scheduled before the presiding District Judge; and that the government's motion to dismiss Counts Two and Three of the Indictment be granted.

### E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: this 4th day of January 2008.

s/ James G. Welsh
United States Magistrate Judge
